# PD-0450-15

PD-0450-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/22/2015 10:02:51 AM
Accepted 4/22/2015 11:26:36 AM
ABEL ACOSTA
CLERK

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

CASEY DON JONES,
   APPELLANT

NO. _____
(COURT OF APPEALS NO. 11-13-00075-
CR; TRIAL COURT NO. 01064)

STATE OF TEXAS,
   APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
ELEVENTH JUDICIAL DISTRICT
EASTLAND, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CHIEF JUSTICE JIM R. WRIGHT, PRESIDING

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STAN BROWN
P.O. BOX 3122
ABILENE, TEXAS 79604
325-677-1851
FAX 325-677-3107
STATE BAR NO. 03145000
EMAIL: mstrb@aol.com

FILED IN
COURT OF CRIMINAL APPEALS

April 22, 2015

ABEL ACOSTA, CLERK

ATTORNEY FOR APPELLANT

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

CASEY DON JONES,
    APPELLANT

NO. _____
(COURT OF APPEALS NO. 11-13-00075-
CR; TRIAL COURT NO. 01064)

STATE OF TEXAS,
    APPELLEE

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL

Hon. Brooks Hagler
259th District Court
Jones County Courthouse
Abilene, TX 79501

Joe Edd Boaz
259th District Attorney
P.O. Box 507
Anson, TX 79501

Ms. Lisa McMinn
State Prosecuting Attorney
P.O. Box 13046
Austin, TX 78711

Stan Brown
Appellant's Attorney/ Appeal
P.O. Box 3122
Abilene, TX 79604

Earnest Scott
Appellant's Attorney/Trial
342 Chestnut St.
Abilene, TX 79602

Casey Don Jones#01840308
Wynne Unit
810 FM 2821
Huntsville, TX 77349

ii

# TABLE OF CONTENTS

**SUBJECT**                                                                    **PAGE**

IDENTITY OF JUDGE, PARTIES, AND COUNSEL........................ii

STATEMENT REGARDING ORAL ARGUMENT..........…....…......vi

STATEMENT OF THE CASE........................................................1

STATEMENT OF PROCEDURAL HISTORY...........................................2

**QUESTION PRESENTED FOR REVIEW NO. ONE**

Has the time come to formally and straightforwardly abandon the unjust concept Due Process of Law does not mandate proof beyond a reasonable doubt rather than preponderance of the evidence regarding any alleged violation of a condition of community supervision?  (I R.R. at 23-106)(C.R. at 68).......................................................................…...3

ARGUMENT...........................................................................…..3

**QUESTION PRESENTED FOR REVIEW NO. TWO**

Has the time come to recognize a trial court might well assess a lesser punishment upon finding fewer allegations of community supervision violations are true.    (I    R.R.    at    23-106)(C.R.    at 68)......................................................................….....................10

ARGUMENT.........................................................................10

PRAYER FOR RELIEF......................................................................15

CERTIFICATE OF SERVICE................................................................15

CERTIFICATE OF COMPLIANCE............................................16

# INDEX OF AUTHORITIES

**CASES**                                                                 **PAGE**

*Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983)............................................................................12-13

*Campbell v. State*, 456 S.W.2d 918 (Tex. Crim. App. 1970)...3, 6, 10, 11-12

*Canesco v. State*, 199 S.W.3d 437 (Tex. App.-Houston [1st Dist.] 2006, pet. ref'd)......................................................................12-13

*Collier v. Poe*, 732 S.W.2d 332 (Tex. Crim. App. 1987)....................3, 4

*Dansby v. State*, 398 S.W.3d 233 (Tex. Crim. App. 2012)...................6-7

*Ex Parte Carmona*, 185 S.W.3d 492 (Tex. Crim. App. 2006)......7-8, 10, 13

*Ex Parte Doan*, 369 S.W.3d 205 (Tex. Crim. App. 2012)...................5, 7

*Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)................................................................................3, 4, 10

*Grady v. North Carolina*, 575 U.S. __, 133 S.Ct. 1368, 83USLW 3758 At Slip Op. 4 (March 30, 2015)...........................................................3, 9, 14

*In Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967)............3, 4

*In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, 375 (1970)................................................................................3, 4, 5

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)...5

*Kelly v. State*, 483 S.W.2d 467 (Tex. Crim. App. 1972).................5-6, 8-9

*Leonard v. State*, 385 S.W.3d 570 (Tex. Crim. App. 2012)...................13

*Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)................................................................................3, 4

*Rusk v. State*, 440 S.W.3d 694 (Tex. App.-Texarkana 2013, no pet.).........12

*U.S. v. Tyler*, 605 F.2d 851, 852 (5th Cir. 1979)...........................10-11

**CONSTITUTIONAL PROVISIONS & RULES**          **PAGE**

U.S. CONST. amend. XIV.................................................*passim*

TEX. CONST. art. I, §19.................................................11, 14

Tex. R. App. P. 9.4.................................................16

Tex. R. App. P. 66.3(c).................................................3, 10

# STATEMENT REGARDING ORAL ARGUMENT

Appellant believes the QUESTIONS PRESENTED; whether the totality of the requirements of Due Process of Law apply to probation revocation proceedings concerning standard of proof and quantum of proof as it relates to punishment assessed; are interrelated issues that merit further clarification for the bench and bar. Therefore, the usual give and take of oral argument would be useful for the Court in determining whether allegations should be proved beyond a reasonable doubt in probation revocation proceedings, and whether the outmoded concept proof of one allegation always authorizes the maximum punishment should be revisited. Oral argument is essential in order to aid this Court's decisional processes by providing a more in-depth exploration of those issues.

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

CASEY DON JONES,
    APPELLANT

NO. _____
(COURT OF APPEALS NO. 11-13-00075-CR; TRIAL COURT NO. 01064)

STATE OF TEXAS,
    APPELLEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW
FROM THE COURT OF APPEALS
ELEVENTH JUDICIAL DISTRICT
EASTLAND, TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATEMENT OF THE CASE

The indictment alleged continuous sexual abuse of a child under fourteen. (C.R. at 9-10). Appellant was placed on deferred adjudication for ten years for aggravated sexual assault of a child. (C.R. at 54). Subsequently, the State's FIRST AMENDED MOTION TO ADJUDICATE COMMUNITY SUPERVISION was filed. (C.R. at 68). On February 8, 2013, Appellant entered his plea of Not True to the allegations (I R.R. at 20-21) and at the conclusion of the hearing, the trial court found each allegation had been proved by a preponderance of the evidence (I R.R. at 106) and sentenced Appellant to sixty-five years TDCJ-ID (C.R. at 71). Notice of Appeal and Trial Court's Certification of Right to Appeal were timely filed. (C.R. at 78) (Suppl. C.R.). Appellant seeks review of the decision of the Court of Appeals that affirmed the conviction.

## STATEMENT OF PROCEDURAL HISTORY

Appellant presented two issues in his brief, and the Eastland Court of Appeals affirmed, *Jones v. State*, _____ S.W.3d _____ 2015 WL 1471963 (Tex. App.-Eastland March 26, 2015)(Mot. Publish granted April 2, 20150)(Appendix). Appellant filed a motion for rehearing March 31, 2015, which was denied without written opinion April 16, 2014. This petition is due to be filed by May 18, 2015; it is therefore timely filed.

## QUESTION PRESENTED FOR REVIEW NO. ONE

Has the time come to formally and straightforwardly abandon the unjust concept Due Process of Law does not mandate proof beyond a reasonable doubt rather than preponderance of the evidence regarding any alleged violation of a condition of community supervision? (I R.R. at 23-106)(C.R. at 68).

## ARGUMENT

Due Process of Law demands the recognition by this Court, as the State must prove what it alleges beyond a reasonable doubt in order to lawfully obtain a conviction in a criminal prosecution, it must also so prove what it alleges in a probation revocation proceeding. That is the essence of the fundamental case law governing our basic constitutional protections. *See generally*, *In Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, 375 (1970); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); and *Grady v. North Carolina*, 575 U.S. ____, 133 S.Ct. 1368, 83USLW 3758 At Slip Op. 4 (March 30, 2015)(Unanimous per curiam opinion). *See also*, *Collier v. Poe*, 732 S.W.2d 332 (Tex. Crim. App. 1987) and *Campbell v. State*, 456 S.W.2d 918 (Tex. Crim. App. 1970).

At pages one and two of the Slip Opinion below, the Court of Appeals wrote, "The Court of Criminal Appeals has considered whether a defendant is 'entitled to have the question of his revocation decided beyond a reasonable doubt' and has determined that 'the standard of proof necessary to revoke probation should [not] be as stringent as the one necessary to

3

support the initial conviction.'" (Citation omitted). By that statement, the court below decided an important question of state and federal law that conflicts with the foregoing applicable decisions of this Court and the Supreme Court of the United States. Tex. R. App. P. 66.3(c).

The Opinion below of March 26, 2015, we respectfully submit, utterly failed to consider those fundamental and relevant decisions of the Supreme Court of the United States and this Court: *In Re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, 375 (1970); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

*Collier v. Poe, supra*, 732 S.W.2d at 343-344, moreover, held Due Process rights belong to the individual, not the State. It is evident the requirement there can be no criminal conviction but by sufficient evidence necessary to convince a trier of fact beyond a reasonable doubt of every element of the offense, and the trier of fact must rationally apply that standard to the evidence presented, is mandated by Due Process of Law. *Campbell v. State, supra*, 456 S.W.2d at 921-922 held Due Process and Due Course of Law apply to probation revocation proceedings. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of *every fact necessary to constitute the crime with which he is charged.*" *In Re Winship*, 397 U.S. 58, 90 S.Ct. 1068, 25 LEd2d 368, 375 (1970). (Emphasis supplied).

4

*Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) teaches that *Winship*:

> requires more than simply a trial ritual...[S]o fundamental a substantive constitutional standard must also require that the factfinder will rationally apply that standard to the facts in evidence...After Winship the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. Id. at 572-573 (footnotes and citations omitted). [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. 61 L.Ed.2d at 574.

Due Process of Law demands a re-examination of the Texas fiction that a revocation of community supervision is a civil or administrative proceeding, and thus not entitled to the protections of Due Process. *See, Ex Parte Doan*, 369 S.W.3d 205, 212 (Tex. Crim. App. 2012):

> A Texas community-supervision revocation proceeding involves the application of law to past facts that remain static. It is conducted according to judicial rules before a trial judge, not an administrative agency. Applying administrative law—the law that governs the decision-making processes of administrative agencies—to revocation hearings has no basis in the Code of Criminal Procedure. Community-supervision revocation proceedings are not administrative hearings; they are judicial proceedings, to be governed by the rules established to govern judicial proceedings.

Against that backdrop, this Court's opinion in *Kelly v. State*, 483 S.W.2d 467, 469-470 (Tex. Crim. App. 1972) which held the preponderance of the evidence standard of proof was not constitutionally prohibited in probation revocation proceedings, should be revisited. Presiding Judge

5

Onion's dissent in *Kelly*, relying in large part on *Campbell v. State, supra*, merits an in-depth examination:

The necessity of the application of due process and equal protection to revocation proceedings was recognized by this court in Campbell v. State, 456 S.W.2d 918 (Tex.Cr.App.1970), where it was also stated:

'It would indeed now be difficult to conclude that probation revocation hearings are not criminal proceedings 'where substantial rights of an accused may be affected.' Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336. The revocation proceedings cannot be isolated from the context of the criminal process. See Crawford v. State, Tex.Cr.App., 435 S.W.2d 148.' 456 S.W.2d at 921—922.

See also McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968).

And only recently in Fariss v. Tipps, 463 S.W.2d 176 (Tex.1971), which involved an application for writ of mandamus, the Texas Supreme Court held that a proceeding to revoke probation is a 'criminal prosecution' within the state constitution and a probationer was entitled to a speedy trial and further that the speedy trial provision of the Sixth Amendment of the United States Constitution was a due process requirement applicable to state revocation proceedings through the Fourteenth Amendment. See Article 24, Vernon's Ann.P.C.

Certainly it has been recognized that a revocation proceeding is a critical stage of the criminal process where counsel must be appointed if the probationer is indigent, without counsel and has not been warned of the same. *Kelly v. State, supra*, 483 S.W.2d at 474.

*See, Dansby v. State*, 398 S.W.3d 233, 240 (Tex. Crim. App. 2012):

6

It bears emphasis "that a State may validly insist on answers to even incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding and thus eliminate the threat of incrimination." But the appellant in this case was offered no such use immunity. The State cannot reasonably have believed that it could penalize him for invoking his Fifth Amendment privilege by revoking his conditional liberty *solely* on the basis of his refusal to answer questions that would tend to incriminate him during the course of the sexual history polygraph process—or, for that matter, during required sex offender group therapy sessions. (Footnotes and citations omitted).

Presiding Judge Onion was ahead of his time in recognizing a probation revocation proceeding is not administrative. That legal fiction was put to rest by *Ex Parte Doan*, 369 S.W.3d 305, 308 (Tex. Crim. App. 2012), "our characterization of a judicial proceeding as an administrative proceeding is, on its face inaccurate...we have used the 'administrative' label to imply that we would not strictly enforce procedural rules at revocation hearings, which was an injudicious and inaccurate implication." *See also*, *Ex Parte Carmona*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006):

> To meet the requirements of due process, the final revocation of probation must be preceded by a hearing, where the probationer is entitled to written notice of the claimed violations of his probation, disclosure of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, a neutral hearing body, and a written statement by the fact finder as to the evidence relied on and the reasons for revoking probation. As we said in *Ex parte Hale*, "the Constitution of our country has been interpreted to protect persons who are released [on community supervision], from reincarceration without due process of law."[FN10]

7

FN10. 117 S.W.3d 866, 871 (Tex.Crim.App.2003) (*citing Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (parole revocation) and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) ( probation revocation)).

Accordingly, due process requires that reincarceration occur only after the disclosure of evidence against the defendant. Within this right to disclosure of evidence afforded by due process, we can infer the requirement that revocation may not occur when it is based solely on perjured testimony. Because habeas review is appropriate for denials of fundamental or constitutional rights, the applicant's claim that his community supervision was revoked solely on perjured evidence, and therefore without due process of law, is cognizable under the habeas jurisdiction of this court. (Some footnotes omitted).

Presiding Judge Onion concluded his *Kelly* dissent as follows:

The appellant urges that the holding in Winship compels the application of the reasonable-doubt standard to revocation of probation cases. It, at least, logically follows. To hold that adult probations are to be denied due process under the correctional rhetoric of In-loco parentis or for other reasons while juveniles are receiving due process would be, in my opinion, an arbitrary distinction and would raise serious equal protection issues as well as due process considerations.[FN7]

FN7. In Winship, the Supreme Court said: 'The same considerations that demand extreme caution in factfinding to protect the innocent adult apply as well to the innocent child.' 397 U.S. at 365, 90 S.Ct. at 1073...

When all the legal niceties are laid aside, a proceeding to revoke probation involves the right of an individual to continue at liberty or to be imprisoned. It involves the possibility of a deprivation of liberty just as much as original criminal action or juvenile delinquency proceeding. The factfinding process is just

as adverse as in other proceedings where the accused is afforded due process rights including the reasonable-doubt standard...

I would hold that the constitutional safeguard of proof beyond a reasonable doubt as a matter of due process and fundamental fairness is required in Texas revocation of probation proceedings along with the right to counsel, speedy trial, etc. (Some footnotes omitted). *Id.* at 476-477.

*See also, Grady v. North Carolina*, 575 U.S. ____, 133 S.Ct. 1368, 83USLW 3758 At Slip Op. 4 (March 30, 2015)(Citations omitted),[1] quoted at page fourteen of this Petition for Discretionary Review. That Opinion vividly illustrates the overriding importance of our basic constitutional protections, whatever the label applied to the proceeding in question. This Court should therefore, we respectfully suggest, grant review in order to give this fundamental issue of standard of proof in community supervision revocation cases the exhaustive review it deserves.

---

[1] "In its brief in opposition to certiorari, the State faults Grady for failing to introduce 'evidence about the State's implementation of the SBM program or what information, if any, it currently obtains through the monitoring process.' Brief in Opposition 11. Without evidence that it is acting to obtain information, the State argues, 'there is no basis upon which this Court can determine whether North Carolina conducts a 'search' of an offender enrolled in its SBM program.' *Ibid.* (citing *Jones*, 565 U.S., at ——, n. 5, 132 S.Ct., at 951, n. 5 (noting that a government intrusion is not a search unless 'done to obtain information')). In other words, the State argues that we cannot be sure its program for satellite-based *monitoring* of sex offenders collects any information. If the very name of the program does not suffice to rebut this contention, the text of the statute surely does:
'The satellite-based monitoring program shall use a system that provides all of the following:
'(1) Time-correlated and continuous tracking of the geographic location of the subject....
'(2) Reporting of subject's violations of prescriptive and proscriptive schedule or location requirements." N.C. Gen.Stat. Ann. § 14–208.40(c).'
The State's program is plainly designed to obtain information. And since it does so by physically intruding on a subject's body, it effects a Fourth Amendment search."

9

## QUESTION PRESENTED FOR REVIEW NO. TWO

Has the time come to recognize a trial court might well assess a lesser punishment upon finding fewer allegations of community supervision violations are true. (I R.R. at 23-106)(C.R. at 68).

## ARGUMENT

Due Process of Law demands the recognition by this Court a trial court might well assess a lesser punishment upon finding fewer allegations of community supervision are true. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Grady v. North Carolina*, 575 U.S. _____, 133 S.Ct. 1368, 83USLW 3758 (March 30, 2015)(Unanimous per curiam opinion); *Leonard v. State*, 385 S.W.3d 570 (Tex. Crim. App. 2012); *Ex Parte Carmona*, 185 S.W.3d 492 (Tex. Crim. App. 2006) and *Campbell v. State*, 456 S.W.2d 918 (Tex. Crim. App. 1970). By its determination at page two of the Slip Opinion, "The Court of Criminal Appeals has held that the State must prove a violation by a preponderance of the evidence *and that proof of any one of the alleged violations is sufficient to uphold the trial court's decision to revoke*...one sufficient ground for revocation will support the court's order to revoke probation," the court below decided an important question of state and federal law that conflicts with the foregoing applicable decisions of this Court and the Supreme Court of the United States. Tex. R. App. P. 66.3(c).

*See generally, U.S. v. Tyler*, 605 F.2d 851, 852 (5th Cir. 1979), which recognized:

10

It is now beyond question that due process rights guaranteed by the Fourteenth Amendment must be afforded to parolees. See Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The same protections were extended to probationers by the United States Supreme Court in *853Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). See also Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, --, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 676 (1979) (Equating due process rights of parolees and probationers). "It is clear at least after Morrissey v. Brewer . . . that a probationer can no longer be denied due process . . . ." Gagnon v. Scarpelli, 411 U.S. at 782 n.4, 93 S.Ct. at 1760 fn. 4.

While these landmark cases deal specifically with the right of a probationer to have a hearing, it is clear that the Fourteenth Amendment due process provisions contemplate that any such hearing must comport with principles of fundamental fairness. See Morrissey v. Brewer, 408 U.S. at 484, 92 S.Ct. 2593. In this case the probation officer had known of all three of the charges alleged for at least a year and had known of one of them for over two years. He had unsuccessfully attempted to revoke Tyler's probation almost ten months after the last of the three charges had been committed but did not allege any of the misdemeanors in that earlier petition. We find that, under these circumstances, the March 8, 1979 hearing, in which only the state misdemeanor convictions were alleged, denied the probationer his rights to due process.

*Campbell v. State*, 456 S.W.2d 918, 921-922 (Tex. Crim. App. 1970) held Due Process and Due Course of Law apply to probation revocation proceedings. "Since the earlier decisions of this Court concerning the nature of the revocation proceedings, it has now been held that while a state is not constitutionally required to provide for probation and revocation proceedings as a part of its criminal process any more than it is required to provide for appellate review, when it does, then due process and equal protection of the law is fully applicable thereto...The revocation proceedings

cannot be isolated from the context of the criminal process. See Crawford v. State, Tex.Cr.App., 435 S.W.2d 148." (Some citations omitted).

*See also*, *Rusk v. State*, 440 S.W.3d 694, 704 (Tex. App.-Texarkana 2013, no pet.): "Rusk has complained that the revocation of his community supervision was entered without an inquiry into his ability to pay and that lack of inquiry was unconstitutional. We conclude the *Bearden* issue has been preserved for our review and is reversible error. It is not necessary for us to determine whether *Bearden*[2] concerns rights that are absolute, waivable only, or forfeitable...At the revocation hearing, Rusk complained that a revocation resulting in imprisonment would be a constitutional violation. Rusk alleged that he lacked the ability to pay the fees, claiming that it is unconstitutional under both the United States and Texas Constitutions to revoke community supervision based solely on poverty. Rusk's objection consumed approximately one-sixth of the revocation hearing and was sufficient to make the trial court aware of his complaint...Assuming, without deciding, that *Bearden* concerns forfeitable rights, Rusk made a sufficient objection to avoid any forfeiture." (Footnote omitted)

*Canesco v. State*, 199 S.W.3d 437, 438-499 (Tex. App.-Houston [1st Dist.] 2006, pet. ref'd) is an example of the legal fiction employed by Texas courts today. "A revocation proceeding is ...an administrative proceeding...At a revocation hearing, the State must prove by a

---

[2] *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) held the sentencing court could not properly revoke the defendant's probation for failure to pay a fine and make restitution absent evidence and findings he was somehow responsible for

12

preponderance of the evidence that the defendant has violated a condition of his community supervision...Proof of a single violation is sufficient to support a revocation..." (Citations omitted).

*But see*, *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012):

> In a revocation proceeding, the trial court has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision. Though defendants are not entitled to community supervision as a matter of right, once a defendant is assessed community supervision in lieu of other punishment, this conditional liberty "should not be arbitrarily withdrawn by the court...." On appeal from a trial court's decision to revoke, therefore, appellate courts review the record only to ensure that the trial court did not abuse its discretion. (Footnotes and citations omitted).

*Ex Parte Carmona*, 185 S.W.3d 492, 495-496 (Tex. Crim. App. 2006) also reminds us:

> To meet the requirements of due process, the final revocation of probation must be preceded by a hearing, where the probationer is entitled to written notice of the claimed violations of his probation, disclosure of the evidence against him, an opportunity to be heard in person and to present witnesses and documentary evidence, a neutral hearing body, and a written statement by the fact finder as to the evidence relied on and the reasons for revoking probation. As we said in *Ex parte Hale* [117 S.W.3d 866, 871 (Tex.Crim.App.2003)], 'the Constitution of our country has been interpreted to protect persons who are released [on community supervision], from reincarceration without due process of law.
>
> Accordingly, due process requires that reincarceration occur only after the disclosure of evidence against the defendant. Within this right to disclosure of evidence afforded by due process, we can infer the requirement that revocation may not

---

the failure and alternative forms of punishment would be inadequate to meet the State's interest in punishment and deterrence.

13

occur when it is based solely on perjured testimony. Because habeas review is appropriate for denials of fundamental or constitutional rights, the applicant's claim that his community supervision was revoked solely on perjured evidence, and therefore without due process of law, is cognizable under the habeas jurisdiction of this court. (Footnotes omitted).

The Supreme Court of the United States has just mandated it is "well settled...that the Fourth Amendment's protection extends beyond the sphere of criminal investigations...and the government's purpose in collecting information does not control whether the method of collection constitutes a search. A building inspector who enters a home simply to ensure compliance with civil safety regulations has undoubtedly conducted a search under the Fourth Amendment." *Grady v. North Carolina*, 575 U.S. ___, 133 S.Ct. 1368, 83USLW 3758 At Slip Op. 4 (March 30, 2015)(Unanimous per curiam opinion) (Citations omitted). That decision further illustrates all constitutional protections should apply to revocation proceedings.

Although allegations of Appellant drinking beer and spending time with his girlfriend were proven, case law allowing an assessment of the maximum punishment for that should be re-visited and distinguished. It cannot be determined to any degree of certainty, had the trial court only considered those allegations, the decision would still have been to revoke and imprison for sixty-five years. Due Process and Due Course of Law therefore, alternatively, demand review be granted in order to further illustrate the overriding importance of Due Process of Law in probation revocation proceedings.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that this Court grant discretionary review and oral argument and, after full briefing on the merits, issue an opinion reversing this conviction/revocation of community supervision, and remand this cause to the trial court for a new hearing under constitutionally appropriate standards as this Court shall determine are mandated by Due Process of Law, or, alternatively, reverse and remand for a new punishment proceeding.

Respectfully submitted,

/s/ Stan Brown
STAN BROWN
P.O. BOX 3122
ABILENE, TEXAS 79604
325-677-1851
FAX 325-677-3107
STATE BAR NO. 03145000
EMAIL: mstrb@aol.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that on this ___22nd___ day of April, 2015, a true and correct copy of the above and foregoing Petition for Discretionary Review was emailed to Mr. Joe Edd Boaz, District Attorney, P.O. Box 507, Anson, TX 79501 at laura.davis@co.jones.tx.us; and to Ms. Lisa McMinn, State Prosecuting Attorney, at information@spa.texas.gov.

/S/ Stan Brown
STAN BROWN

## CERTIFICATE OF COMPLIANCE

I hereby certify that according to my computer program used to prepare the foregoing document, the word count, in accordance with Tex. R. App. P. 9.4, is _____3604_____ words; and further certify that the brief is in Times 14-point type, except for footnotes which are Times 12-point type.

/S/ Stan Brown

STAN BROWN

# APPENDIX



In The

# Eleventh Court of Appeals

No. 11-13-00075-CR

**CASEY DON JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 010649**

## MEMORANDUM OPINION

This appeal stems from the revocation of Casey Don Jones's deferred adjudication community supervision for the aggravated sexual assault of a child. We affirm.

The grand jury indicted Appellant for continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2014). The case proceeded to trial, and while the jury was deliberating Appellant's guilt, Appellant

pleaded guilty to the lesser included offense of aggravated sexual assault of a child. *See id.* § 22.021. Under the terms of a plea bargain agreement, the trial court placed Appellant on community supervision for a term of ten years. Subsequently, the State filed a motion to adjudicate Appellant's community supervision and alleged that Appellant violated multiple terms of his conditions of community supervision. After a hearing, the trial court found the State's allegations to be true. The trial court found Appellant guilty of the offense of aggravated sexual assault of a child and assessed Appellant's punishment at confinement for a term of sixty-five years.

In two issues, Appellant challenges the trial court's revocation of his community supervision. Appellant contends in his first issue that due process of law mandates that proof of a violation of any condition of community supervision should be beyond a reasonable doubt rather than by a preponderance of the evidence. Appellant concedes that there was sufficient proof to show that Appellant consumed alcohol and left the county in violation of the terms of his community supervision. Appellant argues that there was not sufficient proof of the other violations alleged by the State and that it is unlikely that the trial court would have assessed Appellant's punishment at confinement for a term of sixty-five years had the court considered only the violations for consuming alcohol and leaving the county to visit his girlfriend. He states, "That a person can be sentenced to sixty-five years in the penitentiary for having drunk a few beers and having spent some time with his girlfriend, *proved only by a preponderance of the evidence*, should shock the conscience."

The Court of Criminal Appeals has considered whether a defendant is "entitled to have the question of his revocation decided beyond a reasonable doubt" and has determined that "the standard of proof necessary to revoke probation should [not] be as stringent as the one necessary to support the initial

conviction." *Kelly v. State*, 483 S.W.2d 467, 469–70 (Tex. Crim. App. 1972). The Court of Criminal Appeals has held that the State must prove a violation by a preponderance of the evidence and that proof of any one of the alleged violations is sufficient to uphold the trial court's decision to revoke. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (burden of proof is by preponderance of the evidence); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) ("one sufficient ground for revocation will support the court's order to revoke probation"). Because the Court of Criminal Appeals has held otherwise, we decline to hold that a violation of community supervision must be proven beyond a reasonable doubt. Furthermore, we note that Appellant's trial counsel agreed that the State's burden of proof was by a preponderance of the evidence. Appellant's first issue is overruled.

In his second issue, Appellant argues that the trial court abused its discretion when it revoked Appellant's community supervision because certain allegations were not proven even under the preponderance standard. Appellant asserts that we should remand this cause to the trial court for a new hearing on punishment so that the trial court can reassess punishment in light of the fact that only two of the State's allegations were proven by a preponderance of the evidence. The State responds that the trial court probably imposed a sentence of sixty-five years based primarily on the offense for which it found Appellant guilty—aggravated sexual assault of Appellant's son—not the number of times Appellant violated his community supervision.

We review a trial court's decision to revoke community supervision under an abuse of discretion standard. *Cardona*, 665 S.W.2d at 493. When the trial court has found that a defendant has violated the terms of his deferred adjudication community supervision, the trial court must adjudicate guilt and assess punishment as if the adjudication of guilt had not been deferred. TEX. CODE CRIM. PROC. ANN.

3

art. 42.12, § 5(b) (West Supp. 2014). "Having previously deferred sentencing the defendant, the trial court is therefore free to consider the full range of offense-appropriate punishment, and is not confined to a prior order, as in [a] case with traditional probation." *Weed v. State*, 891 S.W.2d 22, 25 (Tex. App.—Fort Worth 1995, no pet.). Appellant concedes that two of the alleged violations were proven by a preponderance of the evidence. As we have stated, we will uphold a trial court's decision to revoke if any one of the alleged violations of the conditions of community supervision is supported by sufficient evidence. *Moore*, 605 S.W.2d at 926.

The record does not suggest that the trial court would have assessed a lesser sentence had it only found two allegations to be true. The supervision officer testified that Appellant admitted that he committed the offense of aggravated sexual assault of a child. Appellant told his supervision officer that "he had penetrated his son" and that "he had his son do oral sex on him." During the punishment phase, Appellant admitted that it happened once but denied that it happened several times. He told his son he was sorry. The court informed Appellant that it was not concerned about rehabilitation or protection and that its job in this case was to punish Appellant for the crime that he had committed. The court also informed Appellant that the range of punishment for aggravated sexual assault of a child was not less than five years and not more than ninety-nine years or life. Before the court sentenced Appellant, it spoke at length to Appellant about how "raping your son" was not something that could be called a mistake, about how Appellant had taken his son's innocence, and about how Appellant's son would have to live with that and work through issues as a result of that for the rest of his life.

Furthermore, the State met its burden to prove each of the alleged violations by a preponderance of the evidence. Appellant's community supervision officer

4

testified that Appellant made several admissions to him that showed that Appellant violated the terms of his community supervision. Appellant admitted that he went with his girlfriend to pick up her son at school, admitted that he stayed overnight at his girlfriend's house on several occasions, admitted to drinking alcohol several times a month, and admitted to possessing two pornographic magazines. The supervision officer also testified that Appellant violated the terms of his community supervision when he failed to tell the supervision officer that he had been questioned by a deputy about drinking and when he tested positive for alcohol. Appellant did not testify prior to when the court found the allegations to be true, nor did the defense offer any evidence to contradict the testimony of the supervision officer. The trial court did not abuse its discretion when it found each of the alleged violations to be true. Moreover, we note that Appellant admitted, during the punishment phase, that several of the State's allegations were true. He admitted that he did not obey all of the rules and regulations of the community supervision department, that he consumed alcohol, that he marked "no" for the question of whether he had been questioned or arrested by law enforcement since his last report even though he called law enforcement to his house the night before, and that he stayed at his girlfriend's house when her children were not at home.

We hold that the trial court did not abuse its discretion when it revoked Appellant's community supervision and assessed Appellant's punishment at confinement for a term of sixty-five years. Appellant's second issue is overruled.

We affirm the judgment of the trial court.


March 26, 2015                                                JIM R. WRIGHT

Do not publish. *See* TEX. R. APP. P. 47.2(b).              CHIEF JUSTICE

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5



11TH COURT OF APPEALS
EASTLAND, TEXAS
JUDGMENT

Casey Don Jones,

Vs. No. 11-13-00075-CR

The State of Texas,

\* From the 259th District
Court of Jones County,
Trial Court No. 010649.

\* March 26, 2015

\* Memorandum Opinion by Wright, C.J.
(Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that there is no error in the judgment below. Therefore, in accordance with this court's opinion, the judgment of the trial court is in all things affirmed.



JIM R. WRIGHT
CHIEF JUSTICE

MIKE WILLSON
JUSTICE

JOHN M. BAILEY
JUSTICE

# Court of Appeals
## Eleventh District of Texas

100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

SHERRY WILLIAMSON
CLERK

TELE: 254/629-2638
FAX: 254/629-2191

sherry.williamson@txcourts.gov
www.txcourts.gov/11thcoa

April 2, 2015

Joe Edd Boaz, District Attorney
P. O. Box 507
Anson, TX 79501
* DELIVERED VIA E-MAIL *

Stan Brown
P.O. Box 3122
Abilene, TX 79604
* DELIVERED VIA E-MAIL *

RE:    Appellate Case Number:  11-13-00075-CR
       Trial Court Case Number:    010649
Style: Casey Don Jones
       v. The State of Texas

The Court has this day **GRANTED** Appellant's motion to publish in the above cause.

Respectfully yours,

*Sherry Williamson*

Sherry Williamson, Clerk